**SUNNYVALE WESTINGHOUSE SALARIED EMPLOYEES ASSOCIATION** and Federation of Westinghouse Independent Salaried Unions, Appellants,

v.

**WESTINGHOUSE ELECTRIC CORPORATION.**

No. 13075.

United States Court of Appeals
Third Circuit.

Argued March 22, 1960.

Decided April 7, 1960.

928

Albert C. Shapira, Pittsburgh, Pa., for appellants.

John G. Wayman, John W. Wishart, Pittsburgh, Pa. (Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This dispute between employer and representatives of the employees concerns the arbitrability of a job grievance under their current collective bargaining agreement. The grievance asserted is that the person in the job was required to do "group leading" without being given group leader pay and a claim was made for such pay.

Chief Judge Gourley in an exhaustive opinion [1] found that the parties after a thorough trial period of approximately six months had agreed upon a classification of the job. That consisted of an appropriate job title, "yard office clerk"; evaluating the elements of the job and fixing a salary rate. There was the further finding that since then there had been no change in the duties of the position. The court rightly concluded that the problem before it was clearly a wage and job classification problem which was not subject to arbitration under the bargaining agreement between the parties.

The order of the district court will be affirmed.

1. Sunnyvale Westinghouse Salaried Employees Association v. Westinghouse Electric Corporation, D.C.W.D.Pa.1959, 175 F.Supp. 685.